**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Civil Action Number:**

JESUS GONZALEZ

      Plaintiff,

vs.


BRANDSMART USA DADELAND, LLC
d/b/a Brandsmart and
SUNSHINE LAND ASSOCIATES
LIMITED PARTNERSHIP

        Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Brandsmart USA Dadeland, LLC doing business as Brandsmart and Defendant Sunshine Land Associates Limited Partnership, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.     Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.      Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4.      Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5.      Defendant Brandsmart USA Dadeland, LLC (also referenced as "Defendant Brandsmart USA," "operator," lessee" or "co-Defendant") is a Florida limited liability Company which is a subsidiary of Brandsmart U.S.A., Inc., which is a private company. The Brandsmart brand is one of the leading consumer electronics and appliance retailers in the Southeastern United States. The parent company has nine retail stores in South Florida and the Atlanta area and a growing e-commerce presence at www.BrandsMartUSA.com.

6.      Defendant Sunshine Land Associates Limited Partnership (also referenced as "Defendant Land Partnership," "Lessor," "Owner," or "co-Defendant") is the owner of real property located at 7260 North Kendall Drive, Miami Florida 33156, which is also known as the 7200 block of South Dadeland Boulevard and is also referenced as folio 30-5002-073-0020.   Defendant Land Partnership's real property is built out as a mixed-use strip mall/commercial center which is leased (in part) to a container store, an "Old Navy" retail store, an "Office Depot" office supply store, and the Brandsmart consumer electronics store which is the subject of this instant action.   The Brandsmart retail store is that portion of Defendant Land Partnership's commercial property which is leased to co-Defendant

Brandsmart USA who in turn owns and operates its "Brandsmart" brand retail store at that location.

## FACTS

7.      Brandsmart stores sell consumer electronics such as computers, cell phones, televisions and home entertainment systems, home security systems, gaming equipment, car electronics, electronic toys, and other consumer electronics. All Brandsmart stores are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5) as an "other" sales establishment. The Brandsmart store located at 7260 North Kendall Drive which is the subject of this complaint is also referenced as "Brandsmart consumer electronics store," "Brandsmart (at 7260 North Kendall Drive)," "consumer electronics store," or "place of public accommodation."

8.      As the operator of consumer electronics stores which are open to the public, Defendant Brandsmart USA is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates an "other" sales establishment; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9.      Due to the close proximity to Plaintiff's home to the Brandsmart store at 7260 North Kendall Drive, on May 23, 2021 Plaintiff went to that Brandsmart to see the latest electronics innovations and products.

10.      When parking within close proximity of the Brandsmart, Plaintiff encountered barriers to entry. Later, while Plaintiff was shopping, Plaintiff had occasion to visit the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

11.     Due to the inaccessible facilities, Plaintiff has been denied full and equal access by the operator/lessee of the consumer electronics store (Defendant Brandsmart USA) and by the owner/lessor of the commercial property which houses the consumer electronics store (Defendant Land Partnership).

12.     As the owner of many large consumer electronics stores, Defendant Brandsmart USA is well aware of the ADA and the need to provide for equal access in all areas of its consumer electronics stores.  Therefore, Defendant Brandsmart USA's failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Brandsmart located at 7260 North Kendall Drive is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

13.     As the owner of commercial real property, part of which is operated as a consumer electronics store open to the public, Defendant Land Partnership is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5).  On information and belief, as an investor and owner of commercial property being used as a public accommodation, Defendant Land Partnership is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its commercial property by ensuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

14.     As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15.     Plaintiff continues to desire to patronize the Brandsmart located at 7260 North Kendall Drive, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

16.     Any and all requisite notice has been provided.

17.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

18.     The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42  U.S.C. §12101(b)(1)(2) and (4).

20.     Prior to the filing of this lawsuit, Plaintiff personally visited the Brandsmart located at 7260 North Kendall Drive, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when parking his vehicle and when using the restroom. Therefore, Plaintiff has suffered an injury in fact.

21.     Defendant Brandsmart USA (operator of the Brandsmart located at 7260 North Kendall Drive) and Defendant Land Partnership (owner/lessor of the commercial property located at 7260 North Kendall Drive) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the subject Brandsmart, in derogation of 42 U.S.C. §12101 *et. seq*., and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a).

22.     Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

23.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

24.     The commercial space which is owned by Defendant Land Partnership (owner/lessor) and which houses the Brandsmart consumer electronics store (operated by Defendant Brandsmart USA) is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA, and 28 C.F.R. §36.302 *et. seq.* As such, both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i.     As to Defendant Brandsmart USA (lessee/operator) and Defendant Land Partnership (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting his vehicle, as the designated accessible parking spaces are located in an area where the slopes are over 2.1%. Failure to provide accessible means of egress from the parking area to the Brandsmart due to the slope of the parking lot is in violation of 2010 ADA Standards for Accessible Design Section 207.1 and Section 403.3 which states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped.  See also Section 4.6.3 of the ADAAG which states that parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

ii.     As to Defendant Brandsmart USA (lessee/operator) and Defendant Land Partnership (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can). The fact that the trash bin is encroaching over the accessible water closet clear floor space is a violation of Section 4.16.2 of

the ADAAG and Sections 604.3.1 of the 2010 ADA Standards for Accessible
Design.

iii.    As to Defendant Brandsmart USA (lessee/operator) and Defendant Land Partnership
(owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to
the toilet without assistance, as the side wall grab bar is not in the required location
from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the
ADAAG and Sections 604.5 of the 2010 ADA Standards for Accessible Design
which states that the grab bar shall be 36 in (915 mm) minimum above the finished
floor.

iv.    As to Defendant Brandsmart USA (lessee/operator) and Defendant Land Partnership
(owner/lessor of the property) (jointly and severally), Plaintiff could not use the seat
cover dispenser without assistance, as it is mounted behind the water closet and out
of reach for Plaintiff due to his disability. This is a violation of Section 4.2.5 at Fig.
5(b) of the ADAAG and Section 308.2.1 of the 2010 ADA Standards for Accessible
Design.  Generally, the standards which require dispensers such as a seat cover
dispenser be placed so that the maximum high forward reach is 48 in (1220 mm) and
the minimum low forward reach is 15 in (380 mm) (see Fig. 5(a)). However, in this
instance, due to the obstruction (of the toilet) to the seat cover dispenser, since the
high forward reach is over an obstruction, Section 4.2.5 states that reach and
clearances must meet those shown in Fig. 5(b), so that the maximum high forward
reach is 46 in (1170 mm) and the minimum low forward reach is 34 in (865 mm).

v.    As to Defendant Brandsmart USA (lessee/operator) and Defendant Land Partnership
(owner/lessor of the property) (jointly and severally), Plaintiff could not use the

toilet without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of 2010 ADAAG §§604, 604.7 which states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow.  The subject toilet paper dispenser is in violation of these sections.

vi.  As to Defendant Brandsmart USA (lessee/operator) and Defendant Land Partnership (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes (inside the stall) and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

25.     Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the commercial property which is being operated as a Brandsmart consumer electronics store accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

26.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the

consumer electronics store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Sunshine Land Associates Limited Partnership (owner of the commercial property at 7260 North Kendall Drive) and Defendant Brandsmart USA Dadeland, LLC (operator of the Brandsmart located at 7260 North Kendall Drive) and requests the following relief:

a)       The Court declare that Defendants have violated the ADA;

b)       The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c)       The Court enter an Order requiring Defendants to alter the commercial property located at 7260 North Kendall Drive and the Brandsmart located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)       The Court award reasonable costs and attorneys fees; and

e)       The Court award any and all other relief that may be necessary and appropriate.

Dated this 15th day of June 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*